## No. 6245.

CITY OF NEW ORLEANS VS. GEORGE W. DUNBAR & SON.

The decisions of this court seem to have been that the articles of the State constitution contain nothing inconsistent with the law exempting home manufactures from municipal licenses.

It has been decided that the general laws exempting from license-tax persons engaged in selling articles of their own manufacture manufactured within the State, were not repealed or modified by the charter of the city of New Orleans enacted in 1870.

But it is correctly contended by the counsel for the city, that since that decision was rendered, a law was enacted which repeals the exemption of manufacturers from the payment of licenses so far as relates to the city of New Orleans, to wit: the sixteenth section of act No. 73 of the acts of 1872, approved the twenty-sixth of April, 1872. The objection that this act is unconstitutional because it is not sufficiently explicit in its purposes as expressed in the title, is not well founded.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins, J. Samuel P. Blanc*, Assistant City Attorney, for plaintiff and appellant. *Breaux, Fenner & Hall*, for defendants and appellees.

TALIAFERRO, J. The defendants are sued for a license-tax on a manufacturing establishment. They answer that they are exempted from the payment of a license under a general law of the State which exempts the trade in home-manufactured commodities from the payment of license. They allege that their trade or business is exclusively confined to selling articles of their own manufacture manufactured in the State. There is no issue as to the character of the defendants' business.

The question as to the application of the general laws of the State exempting the trade or business in domestic manufactures from license-tax to the city of New Orleans, has frequently been before this court for consideration. The decisions seem to have been that the charters and articles of the constitution contain nothing inconsistent with the law exempting home manufacturers from municipal licenses. The case of Honold vs. the City of New Orleans, 23 An. 726, decided that the general laws exempting from license-tax persons engaged in selling articles of

their own manufacture manufactured within the State were not repealed or modified by the charter of the city of New Orleans enacted in 1870. The case of the City of New Orleans vs. C. Lusse and R. Rulman was referred to and the opinion there rendered was re-affirmed in Honold's case. In the case against Lusse and Rulman, decided in 1869, the court found nothing in the constitutions of 1864 and 1868 inconsistent with the power of the Legislature to exempt persons from a license-tax. The case of Honold vs. the City of New Orleans was decided in November, 1871. It is now contended by the counsel for the city that, *since* that decision was rendered, a law has been enacted which repeals the exemption of manufacturers from the payment of licenses so far as relates to the city. He invokes the provisions of the sixteenth section of act No. 73 of the acts of 1872, which was approved on the twenty-sixth of April, 1872. The sixteenth section of that act provides that " no provision in any general law of the State limiting the power of taxation by the several cities, towns, parishes, and other corporations shall be held to apply to any of the taxes of the city of New Orleans herein or otherwise specially authorized to be levied." He holds that, after this act of twenty-sixth of April, 1872, went into force, manufacturers claiming exemption from municipal license-taxes under the general laws can no longer avoid the payment of such tax to the city of New Orleans. In the case of the City of New Orleans vs. the Globe Mutual Life Insurance Co., decided in the early part of the present term (Opinion Book, No. 44, p. 609), the company was held liable to pay a license-tax of three hundred dollars imposed by the city, although on the part of the company it was held that by section three of the act No. 42 of March 3, 1871, paragraph fifteen, and also by section six of the same act, the company was exempted from paying any assessment throughout the State other than that imposed by the said act, and therefore payment of the three-hundred-dollar license-tax could not be required from the company. The last act under which the insurance company claimed exemption is the act providing a general revenue for the State, approved March 8, 1872. But the sixteenth section of a later act, that of April 2, 1872, (numbered 73) hereinbefore quoted, was construed by the court to repeal the sections and clauses of the previous acts under which the insurance company claimed exemption, and judgment was rendered against the defendant. On the same ground and for the same reason we conclude that the defendants in the case at bar must be held liable to pay the license-tax required from them by the plaintiff. But on the part of the counsel for defendants it is argued that if by section sixteen of the act of second of April, 1872, it was intended by the Legislature to repeal the acts relating to exemption from taxes on manufactures in the State, so far as relates to the city of New Orleans, still that section sixteen of that act is null and inoperative, as the purpose of

that section is not expressed in the title of the act. Constitution, art. —. We think the title of the act does explicitly express its purposes. It is " an act to authorize the city of New Orleans to levy a police tax; to' regulate the levies of taxes," etc.

It is therefore ordered that the judgment appealed from be annulled and reversed, that the injunction sued out in this case by the plaintiff enjoining and restraining the defendants from carrying on the calling, business, or trade of wholesale merchants until they shall have paid the license-tax claimed by plaintiff, with all costs and charges for the recovery thereof, be perpetuated; that the city of New Orleans recover from the defendants two hundred dollars for license-tax, as claimed in the petition, with five per cent interest thereon from the first day of March, 1875, until paid, with lien and privilege according to law; the defendants to pay costs in both courts.